IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID RANKILA,

                Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

                Defendant.

OPINION AND ORDER

18-cv-406-wmc

Pursuant to 42 U.S.C. § 405(g), plaintiff David Rankila seeks judicial review of a final determination that he was not disabled within the meaning of the Social Security Act. Rankila contends that remand is warranted because the administrative law judge ("ALJ") failed to adequately account for his finding of a moderate limitation in concentration, persistence and pace ("CPP") in formulating his residual functional capacity ("RFC") for purposes of posing a hypothetical question to the vocational expert. Because the ALJ relied on the opinion of a medical expert in translating Rankila's CPP limitation into nonexertional limitations in his RFC, the court rejects plaintiff's challenge and will affirm the denial of benefits.

BACKGROUND[1]

Plaintiff David Rankila applied for social security disability benefits on September 29, 2014, claiming an alleged onset date of February 14, 2014. With a birth date of

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #7. In light of the single challenge raised on appeal with respect to plaintiff's CPP limitation, the court cabins its description of the record to matters relevant to that challenge.

November 29, 1962, Rankila was "closely approaching advanced age" for the relevant period of his social security appeal. Rankila has past relevant work as a music teacher. He claimed disability was based on vestibular dysfunction,[2] vertigo and tinnitus, hearing loss, fatigue, concentration issues and anxiety. (AR 214.)

ALJ Micah Pharris held an in-person hearing on April 13, 2017, in Duluth, Minnesota, at which plaintiff appeared personally and by counsel. As of the alleged onset date, the ALJ found that Rankila suffered from the following severe impairments: hearing loss with tinnitus and vestibular dysfunction (vertigo) and generalized anxiety disorder/anxiety. (AR 25.) Material to this appeal, the ALJ also found that Rankila had moderate limitations in concentrating, persisting, or maintaining pace. (AR 28.) In making this latter determination, the ALJ specifically considered the impact of Rankila's generalized anxiety on his CPP abilities, noting that: his "course of treatment for anxiety has been limited"; Rankila "testified that he took an anxiety pill as needed, once or twice per month"; he engaged in a number of activities from helping neighbors, to planning dinner, exercising, gardening, reading and spending time with families; and his neurological evaluations demonstrated "intact mental status." (AR 28.) In considering this evidence, the ALJ expressly declined to find a marked limitation -- a finding that Rankila does not challenge on appeal.

---

[2] "A link between your inner ear and your brain helps you keep your balance when you get out of bed or walk over rough ground. This is called your vestibular system. If a disease or injury damages this system, you can have a vestibular disorder. Dizziness and trouble with your balance are the most common symptoms, but you also can have problems with your hearing and vision." "What Are Vestibular Disorders?," WebMD, https://www.webmd.com/brain/vestibular-disorders-facts#1.

In still finding moderate CPP limitations, rather than only a mild limitation, the ALJ relied on the opinions of two state agency psychological consultants, Susan Donahoo, Psy.D. and David Tessler, Psy.D., both of whom found moderate CPP limitations with respect to Rankila's ability: "to carry out detailed instructions"; "to maintain attention and concentration for extended periods"; "to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; and "to work in coordination with or in proximity to others without being distracted by them." (AR 34 (ALJ stating that he placed great weight on these opinions); AR 76 (Donahoo's report); AR 89 (Tessler's report).)

In providing a narrative explanation for this CPP limitation, Dr. Tessler stated that:

> Claimant has the ability to maintain attention and concentration for periods of at least two hours duration. Claimant may have occasional interruptions from psychologically based symptoms, but has the ability to complete a normal workday and work week without an unreasonable number and length of rest periods.

(AR 90.) Dr. Donahoo similarly provided a narrative explanation for her opinion, stating that:

> It is felt that a change in work environments is needed, but that he would likely still experience limitations in his ability to carry out detailed instructions, maintain CPP, work in proxim[i]ty to others (d/t noise distractions), work w/ the general public, and respond appropriately to criticism from supervisors. These limitations are felt to be no more than moderate in severity, thus finding the clmnt to be capable of performing the basic mental demands of unskilled work.

(AR 77.)

With respect to crafting an RFC, the ALJ adopted the following nonexertional limitations:

> The individual may not work in an environment where the noise level is greater than "moderate" as that term is defined by the DOT. . . . The individual is limited to simple routine tasks; may have occasional superficial contact with supervisors; and may have no contact with coworkers, and members of the public. By superficial, I mean rated no lower than 8 on the Selected Characteristics of Occupations' people ratings and when I say "no contact" with coworkers, I don't mean that the individual cannot be in the same room as coworkers but, rather, that the work cannot require coworker interactions for its completion. The individual cannot be required to use a phone as part of his job duties.

(AR 30.)

## OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Accordingly, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct

a "critical review of the evidence," *id.*, and insure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law, *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

Here, plaintiff contends that the ALJ erred in his treatment of Rankila's moderate limitations in CPP in formulating and articulating an RFC for the vocational expert. More specifically, consistent with well-established case law in the Seventh Circuit, Rankila contends that a limitation to "simple, routine, and repetitive tasks" is insufficient to account for his CPP imitations, rendering both the RFC formulation and, as a consequence, opinions by the vocational expert deficient. *See, e.g.*, *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 617 (7th Cir. 2010) (holding that the ALJ should refer "expressly to limitations on concentration, persistence, and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do"); *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("When it comes to the RFC finding, we have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace." (citation and quotation marks omitted)).

In his opposition brief, the Commissioner contends that the ALJ's treatment of the CPP limitation falls within one of the exceptions allowed under *O'Connor-Spinner*. (Def.'s Opp'n (dkt. #13) 6 (citing *O'Connor-Spinner*, 627 F.3d at 619 (describing various exceptions to this general rule, including "when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations

would be unable to perform")).)  The Seventh Circuit has held that an ALJ may rely on the opinion of "a medical expert who effectively translated an opinion regarding the claimant's mental limitations into an RFC assessment." *Milliken v. Astrue*, 397 F. App'x 218, 221 (7th Cir. 2010); *see also Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) (("[A]n ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations."); *Capman v. Colvin*, 617 F. App'x 575, 579 (7th Cir. 2015) ("The ALJ's RFC findings accurately reflected Lovko's assessment by restricting Capman to simple, routine tasks and limited interactions with others. Both the medical evidence and Capman's testimony support the finding that any limitations in concentration, persistence, and pace stem from Capman's anxiety attacks, which occur when he is around other people. Therefore, the limitations incorporated into the ALJ's RFC findings adequately addressed Capman's deficiencies in concentration, persistence, and pace."); *Saunders v. Berryhill*, No. 17-CV-616-BBC, 2018 WL 4027030, at *5 (W.D. Wis. Aug. 23, 2018), *aff'd sub nom. Saunders v. Saul*, No. 18-2910, 2019 WL 2714329 (7th Cir. June 28, 2019) (rejecting challenge where ALJ relied on medical expert in translating CPP limitation into RFC).

Here, the Commissioner points to the ALJ's reliance on Dr. Tessler's opinion, which concluded with respect to Rankila's CPP limitations that he could "maintain attention and concentration for periods of at least two hours," and while he "may have occasional interruptions from psychologically based symptoms," yet could still "complete a normal workday and work week without an unreasonable number and length of rest periods." (*Id.*

(citing AR 90).)[3] In response, plaintiff argues Dr. Tessler's finding that Rankila may have "occasional interruptions from psychologically based symptoms" is inconsistent with his finding that Rankila "has the ability to complete a normal workday and work week without an unreasonable number and length of rest periods." (AR 90.) In so arguing, plaintiff relies on a definition of "occasional" to mean "off-task for up to 1/3 of the day." (Pl.'s Opening Br. (dkt. #9) 28.) The court agrees with defendant, however, that there is no reason to interpret Tessler's use of "occasional" in this way, rather than its common definition of "infrequent." Indeed, the latter definition is far more consistent with Dr. Tessler's ultimate finding that Rankila's CPP limitations would not require him to take an "unreasonable number and length of rest periods." (Def.'s Opp'n (dkt. #13) 10 (citing AR 90).)

In passing, plaintiff would also fault the ALJ for "cherry-pick[ing] the record in reaching conclusion regarding the severity of Rankila's condition as it pertained to CPP." (Pl.'s Opening Br. (dkt. #9) 18.) However, plaintiff stops short of arguing that the ALJ should have found a marked limitation, much less otherwise describing any impact from his alleged cherry-picking. Regardless, the question for this court is whether the ALJ had a sufficient basis for finding a moderate limitation as to CPP and accounted for this limitation in crafting the RFC. *See Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010)

---

[3] In his opposition brief, the Commissioner does not expressly rely on Dr. Donahoo's opinion (Def.'s Opp'n (dkt. #13) 5) -- and for good reason. The court agrees with plaintiff that her narrative fails to account for the specific CPP limitations that she found in the top section of the form. Specifically, Donahoo failed to explain in her narrative whether Rankila's CPP limitations with respect to maintaining attention for extended period and performing activities within a schedule would impact his ability to perform work without an undue amount of breaks.

("A failure to fully consider the impact of non-severe impairments requires reversal."). Here, in adopting Dr. Tessler's translation of Rankila's mental limitations into an RFC assessment, the ALJ plainly discharged both obligations, and this court has no basis to revisit his findings or RFC formulation for the vocational expert.

ORDER

IT IS ORDERED that:

1) The decision of defendant Andrew M. Saul, Commissioner of Social Security, denying plaintiff David Rankila's application for disability benefits is AFFIRMED.

2) The hearing scheduled for October 11, 2019, is CANCELED.

3) The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 8th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge